DILLON, Judge.
Defendant Rakeith Lamar Lunsford appeals from an order requiring him to enroll in satellite-based monitoring ("SBM") for the remainder of his natural life. Because we hold the State failed to meet its burden of demonstrating that lifetime SBM was a reasonable search based on the totality of the circumstances, we reverse the trial court's order.
I. Background
This is Defendant's second appeal to this Court. In 2006, Defendant pleaded guilty to a number of charges and was sentenced to 116 to 149 months of imprisonment.
By order entered 8 January 2016, the trial court ordered Defendant to enroll in the SBM program for the remainder of his natural life. Defendant appealed.
This Court reversed, concluding that the trial court failed to determine whether SBM was a reasonable search under the circumstances of Defendant's case. State v. Lunsford , --- N.C. App. ----, 791 S.E.2d 929 (2016) (unpublished). The case was remanded for a new SBM hearing, "during which the trial court [was to] determine if lifetime SBM [was] a reasonable search based on the totality of the circumstances." Id . at *2.
At the hearing on remand, the State presented evidence of Defendant's criminal history, his Static-99 Risk Assessment Form indicating he was in the "moderate-high" category for recidivism, and that the underlying offense was an aggravated offense. By order entered on 17 March 2017, the trial court ordered that Defendant submit to lifetime SBM, finding reasonableness based on (1) the nature of the underlying offense, (2) Defendant scoring in the moderate-high category for recidivism on the Static-99 Risk Assessment, and (3) Defendant's high rate of recidivism in general. Defendant timely appealed.
II. Analysis
Defendant contends the trial court erred in ordering him to enroll in lifetime SBM because the State failed to meet its burden of demonstrating that the imposition of lifetime monitoring was a reasonable search under the Fourth Amendment. The State concedes the issue. Based on our current jurisprudence, we conclude that the State failed to meet its burden. See State v. Griffin , --- N.C. App. ----, --- S.E.2d ---- (2018) (holding the State must present evidence proving the efficacy of SBM).
Defendant argues that the order should be "reversed." The State argues that the order should be "vacated." The State, though, makes no argument or request for a third "bite of the apple." We agree that the State did not meet its burden, and are not remanding this matter for a new hearing. See id. Rather, based on the foregoing, we reverse the order of the trial court.
REVERSED.
Report per Rule 30(e).
Judges DAVIS and INMAN concur.